# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND SMITH,<br><br>Petitioner,<br><br>v.<br><br>MARGARETTE MIMS, Sheriff,<br><br>Respondent. | Case No. 1:14-cv-00841-LJO-GSA-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner filed the instant petition for writ of habeas corpus on May 29, 2014. It appears from the face of the Petition and the attachments thereto that Petitioner's custody does not stem from the judgment of a State court. Rather, Petitioner is a detainee pending arraignment in Fresno County Superior Court.

## DISCUSSION

**A.   Preliminary Screening of Petition**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to conduct a preliminary review of the petition. Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's

1

motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.     Abstention**

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).  Because there is no State court judgment here, the Court deems the Petition to have been brought pursuant to 28 U.S.C. § 2241(c)(3), which empowers a district court to issue a writ of habeas corpus before a judgment is entered in a state judicial proceeding.  See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir.2003).

In the instant petition, Petitioner complains he is being detained pending criminal proceedings in violation of the Constitution.  In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court established that a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with ongoing state criminal proceedings.  Absent limited exceptions, Younger abstention is required if four elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that Younger disapproves. San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir.2008); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148–49 (9th Cir.2007).

In this case, there is an ongoing state-initiated criminal proceeding against Petitioner. Second, the criminal proceeding implicates the important state interest of protecting the public. Third, from the petition and the attached exhibits, it appears Petitioner has an "'adequate' or 'full and fair' opportunity to raise his federal claims in the state proceedings." Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1019 (9th Cir.1999); see Moore v. Sims, 442 U.S.

415, 425 (1979); <u>Dubinka v. Judges of the Superior Ct.</u>, 23 F.3d 218, 224–25 (9th Cir.1994). "<u>Younger</u> requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." <u>Commc'ns Telesys. Int'l</u>, 196 F.3d at 1020. There is no suggestion that the state proceedings do not afford Petitioner an adequate opportunity to assert the legal claims presented in the instant petition, or that "state procedural law bar[] presentation of [his] claims," <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 14 (1987), or that "extraordinary circumstances" render the California courts "incapable of fairly and fully adjudicating" his federal constitutional claims. <u>Kuger v. Helfant</u>, 421 U.S. 117, 124 (1975). In fact, Petitioner does not state that he has sought relief in any state courts at all. Fourth, Petitioner's habeas petition threatens to interfere with the state criminal proceedings in a manner that <u>Younger</u> disapproves by inserting federal courts into the ordinary course of state judicial proceedings. The Court therefore concludes that <u>Younger</u> abstention requires the dismissal of the Petition herein.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 6, 2014**           /s/ Gary S. Austin
                                 UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28